UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:19CV57-GCM

| | | |
|---|---|---|
| **ALICIA PEARL KEFFER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **ANDREW SAUL, Commissioner of Social Security,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court upon Plaintiff's Motion for Summary Judgment (Doc. No. 14) and the Commissioner's Motion for Summary Judgment (Doc. No. 18). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

I.     **Administrative History**

Plaintiff filed an application for a period of disability and disability insurance benefits alleging a disability onset date of March 18, 2014. Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. The Appeals Council issued an order remanding Plaintiff's claim for further consideration of medical opinion evidence and the issuance of a new decision. Thereafter, a different ALJ held a hearing and issued an unfavorable decision. Plaintiff's request for review was denied, making the ALJ's decision the

1

final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action, seeking review of the Commissioner's final decision.

## II.      FACTUAL BACKGROUND

In rendering her decision, the ALJ first concluded that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 19). At the second step, the ALJ found that Plaintiff suffered from the following severe impairments: history of bilateral ankle synovitis and instability, status post-surgical correction, "mild" left patellar chrondromalacia, "mild" degenerative disc disease of the lumbar spine, chronic sinusitis, obesity with secondary obstructive sleep apnea, depression and PTSD. (Tr. 20). At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 23).

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), except with the following limitations:

> [o]ccasional climbing of ramps or stairs. She is never to climb ladders, ropes or scaffolds. She is limited to frequent balancing, stooping, kneeling, crouching and crawling. She should avoid concentrated exposure to extreme cold, as well as pulmonary irritants such as dust, fumes, odors, gases and poorly ventilated areas. She should avoid concentrated exposure to workplace hazards such as unprotected heights and dangerous machinery. Finally, she is limited to simple routine tasks.

(Tr. 26). At the fourth step, the ALJ found that Plaintiff was not able to perform her past relevant work. (Tr. 38). At step five, the ALJ determined that in light of Plaintiff's RFC, age, education, and work experience, and based on testimony from a vocational expert ("VE"), that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as Cashier II, Office Helper, and Marker. (Tr. 38-39). Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act. (*Id.*)

Case 5:19-cv-00057-GCM   Document 20   Filed 05/05/20   Page 2 of 6

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

## IV. Discussion

Plaintiff raises three challenges to the ALJ's decision: (1) the ALJ erred in her treatment of Plaintiff's VA disability ratings; (2) the ALJ erred in her treatment of Dr. Levy's medical opinion evidence; and (3) the ALJ failed to properly account for Plaintiff's moderate limitations in concentration, persistence or pace in the RFC.

Under Social Security Ruling 06-03p, an ALJ must "evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies."[1] SSR 06-03p, 71 Fed. Reg. 45,593, 45,596 (Aug. 9, 2006). While a decision by another entity is not binding on SSA, the Fourth Circuit has held that the SSA must give VA disability ratings "substantial weight" absent clear reasons for deviation. *See Bird v Comm'r of Soc. Sec. Admin,* 699 F.3d 337, 343 (4th Cir.

---

[1] SSR 06-03p was rescinded by Federal Register Notice Vol. 82, No. 57, page 15263 effective March 27, 2017. However, in claims filed prior to March 27, 2017, like Ms. Keffer's claim which was filed in May 2015, the ALJ must still articulate the weight assigned to decisions by other governmental and nongovernmental agencies in the manner prescribed in 20 C.F.R. 404.1527 and SSR 06-03p.

2012). The court in *Bird* reasoned that the purpose and methodology of the SSA and VA disability determinations are closely related. *Id.* Accordingly, "a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency" *Id.*

When an ALJ accords less than substantial weight to a VA decision, he must give "persuasive, specific, valid reasons for doing so that are supported by the record." *Woods v Berryhill*, 888 F.3d 686, 692 (4th Cir. 2018) (citations omitted). "[T]he point of this requirement . . . is that the ALJ must adequately explain his reasoning; otherwise, [the court] cannot engage in meaningful review" *Id.* at 692-693. The *Woods* court held that merely pointing to different rules in different agencies does not constitute "persuasive, specific, valid reasons" for deviating from the substantial weight standard, stating that this "generic explanation, which could apply to every [VA] decision, is neither persuasive nor specific." *Id.* at 693.

The record in Ms. Keffer's claim contains numerous VA Rating Decisions dating from 2002-2016. (Tr 1478-1590). In October 2015 Ms. Keffer was awarded a 30% rating for PTSD and Major Depressive Disorder ("MDD") and 10% for residuals of left ankle sprain effective June 8, 2015. (Tr. 1522-1523). In November 2015 Ms. Keffer was notified that the 30% rating for PTSD and Major Depressive Disorder ("MDD") was effective April 20, 2015 and her total combined evaluation for compensation was 50%. (Tr. 1504, Tr 1530-1532, Tr 1584-1586). In a letter dated May 10, 2016, Ms. Keffer's 10% rating for left ankle sprain residuals was temporarily increased to 100% due to left ankle arthroscopy; the temporary increase was effective from March 10, 2016 through June 1, 2016. (Tr. 1488-1489). In September 2016 Ms. Keffer was notified that her rating was increased to 60% rating effective June 1, 2016 for her combined PTSD, MDD, right knee strain, left knee chondromalacia patella and left ankle sprain residuals. (Tr 1493-1494). In October 2016 Ms. Keffer's rating for PTSD and MDD was increased from 30% to 100% effective

4

August 26, 2016; her 10% rating for chronic sinusitis/rhinitis, her 10% rating for her right knee, her 10% rating for her left knee, her 10% rating for residuals of left ankle sprain, her 10% rating for left knee lateral instability and 10% rating for right knee lateral instability were continued. (Tr 1513-1514). In summary, Ms. Keffer had a 30% rating from April 19, 2002 until April 20, 2015, when her rating was increased to 60%. Her rating was increased temporarily to 100% between March 10, 2016 and June 1, 2016, but returned to 60% on June 1, 2016. Finally, her rating was increased to 100% again effective August 26, 2016 for her PTSD and MDD.

In her decision, the only VA ratings decision that the ALJ acknowledges and discusses is the temporary 100% rating for convalescence from March to May 2016. (Tr. 37). The ALJ assigns the rating "little weight" because the VA has a "different definition for disability than the [SSA]." *Id*. Moreover, the ALJ notes that the rating "does not state the claimant is unemployable" and the rating is temporary, "evidencing the difference within the agencies." *Id*. At no point in her decision does the ALJ acknowledge or address the 60% service connected VA disability rating in effect from April 20, 2015 to March 10, 2016 and again between June 1, 2016 to August 26, 2016, nor does she acknowledge or address the increase to a 100% service connected VA disability rating effective August 26, 2016.

Although the ALJ claims that she considered the VA rating pursuant to *Bird*, the Court finds that she failed to acknowledge or consider Plaintiff's 60%, and most recent 100% VA disability ratings. Moreover, by merely pointing to the "differences within the agencies," the ALJ fails to provide "persuasive, specific, valid reasons" for deviating from the substantial weight standard. This prevents the Court from meaningful review of the ALJ's decision. Accordingly, the Court will remand for further consideration. Because the Court remands for this reason, it is unnecessary for the Court to address Plaintiff's other assignments of error. The Court notes that in

ordering remand the Court does not take a position on the merits of Plaintiff's application for disability benefits.

## V.    Conclusion

The undersigned has carefully reviewed the decision of the ALJ and Appeals Council, the transcript of the proceedings, Plaintiff's motion and briefs, Commissioner's responsive pleadings, and Plaintiff's assignments of error. Plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be vacated.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1)    the decision of the Commissioner, denying the relief sought by Plaintiff, is

**VACATED**;

(2)    the Plaintiff's Motion for Summary Judgment (Doc. No. 14) is **GRANTED**; and

(3)    the Commissioner's Motion for Summary Judgment (Doc. 18) is **DENIED**; and

(4)    the matter is hereby **REMANDED** for further consideration.

Signed: May 4, 2020

Graham C. Mullen
United States District Judge