IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19cv57

| | | |
|---|---|---|
| Alisha Pearl Keffer, | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Andrew Saul, | ) | Consent Order |
| Commissioner Of | ) | |
| Social Security, | ) | |
|     Defendant. | ) | |

This action being submitted to the Court for entry of a Consent Order agreed to by the Parties and it appearing that Plaintiff, by and through her attorney, has executed this Consent Order and Defendant has executed this Consent Order, by and through the undersigned Special Assistant United States Attorney; and it appearing that the Parties have agreed that Plaintiff, Alisha Pearl Keffer, is awarded attorney fees under the EAJA in the amount of $6,000.00 in full and final settlement of attorney fees and costs arising under the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412(d). Pursuant to the United States Supreme Court's ruling in *Astrue v Ratliff*, 130 S. Ct. 2521 (2010), these EAJA fees are payable to Plaintiff as the prevailing party, and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the federal government. If, subsequent to entry of the Consent Order, the Commissioner determines that Plaintiff owes no debt to the government that would subject this award of attorney fees to offset, the Commissioner may honor Plaintiff's signed assignment of EAJA fees providing for payment of the subject fees to Plaintiff's Counsel, rather than to Plaintiff. If such a debt is present, then any remaining fee after offset will be payable to Plaintiff and delivered to Plaintiff's Counsel.

It is therefore ORDERED that, pursuant to the above, the Commissioner pay the sum of $6,000.00 in full satisfaction of any and all claims arising under EAJA, 28 U.S.C. § 2412(d), and upon the payment of such sums this case is dismissed with prejudice.

Signed: July 30, 2020

Graham C. Mullen
United States District Judge